Filed 6/5/15  P. v. Carevic CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062541 |
| v. | (Super.Ct.No. FVI1401061) |
| VICTOR RICHARD CAREVIC, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed with directions.

Loleena Ansari, under appointment by the Court of Appeal; and Victor Richard Carevic, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Victor Richard Carevic was charged by information with three counts of second degree commercial burglary (Pen. Code,[1] § 459, counts 1-3), grand theft (§ 484g, subd. (a), count 4), assault upon a peace officer (§ 245, subd. (c), count 5), and receiving stolen property (§ 496, subd. (a), count 6). The information also alleged that defendant had served four prior prison terms (§ 667.5, subd. (b)) and had one prior strike conviction (§§ 1170.12, subd. (a)-(d), 667, subd. (b)-(i)). The People subsequently moved to orally amend the information to include battery on a peace officer (§ 243, subd. (c)(1), count 7) and attempted grand theft (§§ 664/487, subd. (a), count 8). Pursuant to a plea agreement, defendant pled no contest to counts 7 and 8 and admitted the prior strike conviction. The parties stipulated that there was a factual basis for the plea. The court immediately sentenced defendant to the agreed upon term of six years eight months in state prison, which consisted of three years on count 7 and four months on count 8, doubled pursuant to the prior strike.

On December 11, 2014, defendant filed a notice of appeal, challenging the validity of the plea, and requested a certificate of probable cause, which the court denied. On December 23, 2014, defendant filed an amended notice of appeal, based on the sentence or other matters occurring after the plea. We remand the matter with instructions regarding the dismissal of counts 1 through 6 and the section 667.5, subdivision (b) allegations. Otherwise, we affirm the judgment.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

<u>PROCEDURAL BACKGROUND</u>[2]

Officer Gregory Gary responded to a residential burglary call on March 14, 2014. The resident's name was Angela Garcia. The back window of her house had been pried open. Garcia told Officer Gary that her credit card was stolen and had been used six to eight times throughout Southern California, without her authorization. Officer Gary went to a store where Garcia's card had been used, and observed defendant in surveillance video footage using her card.

On March 19, 2014, Officer Gary was driving in his personal vehicle when he observed defendant in the vehicle next to him, at an intersection. He recognized defendant from the surveillance video footage. Officer Gary turned left, and so did defendant. Defendant got in the lane directly behind Officer Gary. When they reached a red light, Officer Gary got out of his vehicle and walked up to the driver's side of defendant's car. He identified himself as an officer and asked for identification. Defendant said he did not have any. Officer Gary asked him to exit his vehicle. At that time, defendant turned the wheels in the officer's direction and stepped on the accelerator. Officer Gary quickly ran forward to avoid being hit by defendant's vehicle.

<u>DISCUSSION</u>

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

---

[2] This statement of facts is taken from the preliminary hearing transcript.

the case and a few potential arguable issues: (1) whether his plea was constitutionally valid; (2) whether the trial court complied with its duty under section 1192.5 to establish a sufficient factual basis for the plea; (3) whether defendant was sentenced in accordance with the plea agreement; and (4) whether the court complied with its duty under section 1009 when it allowed the information to be amended to include counts 7 and 8. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. He filed two handwritten personal briefs. In his first brief, defendant asserts that he entered his plea agreement before the passage of Proposition 47. He claims that Proposition 47 reduced all of his charges, except one, to misdemeanors, and that his counsel rendered him ineffective assistance of counsel (IAC) in that he should have advised defendant to waive time to see the effects of Proposition 47 on his case. Defendant states that, because his charges were reduced, he should not have pled. He asserts that counts 2 through 6 were reduced to misdemeanors and asks this court to run the eight months imposed on count 8 concurrent to the six years imposed on count 7. He concludes that, pursuant to Proposition 47, "that 8 months and felony charge should be reduced." In an apparent attempt to clarify his request, defendant filed a second handwritten letter, in which he asks this court to run the eight months concurrent to the six years because his charges were reduced to misdemeanors, pursuant to Proposition 47. Defendant's claims and request are meritless.

In November 2014, California voters approved Proposition 47. (*People v. Guzman* (2015) 235 Cal.App.4th 847, 862.) "Proposition 47 makes certain drug- and

4

theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id*. at p. 1092.)

Defendant's claim that Proposition 47 reduced all of his charges but one to misdemeanors is false. Proposition 47 changed specified drug- and theft-related offenses from felonies to misdemeanors. The sections amended or added by Proposition 47 include Penal Code sections 459.5, 473, 476a, 490.2, 496, and 666, as well as Health and Safety Code sections 11350, 11357, and 11377. (Pen. Code, § 1170.18, subd. (a).) The only one of defendant's charges that falls within Proposition 47 is Penal Code section 496 (receiving stolen property). To the extent that defendant argues that his counsel should have advised him to wait and see the effects of Proposition 47 on his case, rather than enter the plea agreement, he cannot establish that his counsel provided IAC. A defendant who claims IAC must establish that his counsel's performance was deficient under an objective standard of professional competency, and that there is a reasonable probability that but for counsel's errors, a more favorable determination would have resulted. (*People v. Holt* (1997) 15 Cal.4th 619, 703.) If the defendant makes an insufficient showing on either one of these components, the claim fails. (*Ibid*.) Under the plea

agreement, the court dismissed six counts and four prison priors, and sentenced defendant to six years eight months on counts 7 and 8. Since Proposition 47 only would have changed one of defendant's charges to a misdemeanor, there is no reasonable probability that, had his counsel advised him not to enter the plea agreement, he would have been given a lesser total sentence on counts 1 through 5, 7, and 8, plus the strike conviction and the four prison priors. His IAC claim fails.

Defendant is apparently also asking this court to run the eight-month sentence imposed on count 8 concurrent to the six years imposed on count 7, and to reduce count 8 to a misdemeanor, pursuant to Proposition 47. His offenses in counts 7 and 8 were battery on a peace officer (§ 243, subd. (c)(1)) and attempted grand theft (§§ 664/487, subd. (a)), respectively. Neither of these offenses fall within the purview of Proposition 47. (§ 1170.18, subd. (a).) Thus, defendant has given no valid reason for us to modify his sentence.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised as an issue by the parties, we note that the plea agreement did not actually mention the dismissal of counts 1 through 6 or the prison prior allegations, and neither the court nor the parties mentioned the counts or allegations at the plea and sentencing hearing. The plea agreement stated that the information charged defendant with three counts of second degree commercial burglary (§ 459), grand theft (§ 484g), assault upon a peace officer (§ 245, subd. (c)), and receiving stolen property (§ 496, subd. (a)). The information also alleged that defendant had served four prior prison terms

6

(§ 667.5, subd. (b)) and had one prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The information was subsequently orally amended to add battery on a peace officer (§ 243, subd. (c)(1), count 7), and attempted grand theft (§§ 664/487, subd. (a), count 8). The plea agreement stated that defendant desired to plead guilty to the charges in counts 7 and 8, in exchange for six years eight months in state prison. However, it did not state that counts 1 through 6 or the prison prior allegations were to be dismissed. The court sentenced defendant to six years eight months, in accordance with the plea agreement. His sentence was not enhanced by the prison priors. There was no reference by the parties or the court to counts 1 through 6 or the prison priors at the hearing.

It appears that the parties intended counts 1 through 6 and the prison prior allegations to be dismissed, since neither party objected to the court's sentence. However, as discussed, the court never actually dismissed these counts or enhancements. Nonetheless, the minute order from the sentencing hearing reflects that, on motion of the People and pursuant to the plea agreement, the court dismissed counts 1 through 6 and struck the prison priors. In the interest of completeness and accuracy, we will remand the cause for the People to add a term to the plea agreement, stating that counts 1 through 6 and the prison prior allegations are to be dismissed. (See § 1260 [reviewing court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"].) We will also direct the trial court hold a hearing to enforce the terms of the amended plea agreement.

7

## DISPOSITION

The matter is remanded for the People to add a term to the plea agreement to dismiss counts 1 through 6 and the prison prior allegations.  The trial court is directed to hold a hearing to enforce the terms of the amended plea agreement.  The superior court clerk is directed to generate a new minute order reflecting this modification.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.


We concur:


MILLER
J.


CODRINGTON
J.

8